PEOPLE'S BANK OF MINNEAPOLIS v. S. K. HOWES and Others.[1]

May 20, 1896.

Nos. 10,093—(140).

**Usury—Sufficiency of Evidence.**
*Held*, the findings of fact are sustained by the evidence.

**Witness—Conclusion—Harmless Error.**
The conclusion of a witness as to the capacity in which an alleged agent acted *held* not prejudicial error, under the circumstances.

Appeal by plaintiff from an order of the district court for Hennepin county, Jamison, J., denying a motion for a new trial. Affirmed.

*Davis & Pierce, Samuel M. Davis*, and *Geo. D. Emery*, for appellant.

*Little & Nunn*, for respondents.

CANTY, J. Plaintiff brought this action on a promissory note, dated August 19, 1892, due in three months, for $500 and interest, made by one Howes to the order of the defendant Smith and indorsed by him and by the defendant Rockwood. The defendants Smith and Rockwood answered, admitting the execution of the note, and pleading usury.

On the trial before the court without a jury, the court found that, on November 18, 1891, Smith borrowed of the plaintiff bank $470 for three months, and agreed to pay, as bonus for the use of the same, the sum of $30, and also interest at the rate of 10 per cent. per annum on the sum of $500; that to secure the payment of all of the same, a note, dated November 18, 1891, was made in the same form as the note in suit, signed by the same parties, and delivered to plaintiff; that all of the parties to the note, except Smith, signed it for his accommodation, and that, except as aforesaid, there was no consideration for the note; that the note in suit is the last of several successive three-months renewals of this original note; that, besides said interest at the rate of 10 per cent. per annum for the time of each renewal, Smith paid, on the first re-

[1] Reported in 67 N. W. 355.

newal, as bonus, the sum of $30, on the second renewal $20, on the third renewal $17.56, and on the fourth renewal $20; that said original note, and each of said renewal notes, were usurious and void,—and judgment was ordered for defendants. From an order denying a new trial, plaintiff appeals.

1. On the trial, plaintiff admitted that it reserved to itself and received all of the sums which the court so found it had received, and also admitted that all of the notes except the first one were usurious, but it claimed that the original transaction with it was not a loan, but that it purchased the original note from Smith for the sum of $470; and it is contended that the court erred in finding that such original transaction was a loan, and not a purchase of the note. The evidence on this point was conflicting, and the defendants' version of the original transaction is corroborated by the subsequent conduct of the parties, and also by their prior conduct; as it appears, by the entries in plaintiff's own books, and by the testimony of its cashier, that the original note was offered to it for discount on November 17, 1891, or the day before its date. We are of the opinion that the findings are fully sustained by the evidence.

2. One Fletcher was a director of the plaintiff bank, and a member of its discount committee. Rockwood testified, in his own behalf, that Smith applied to Fletcher for the loan, and also for the renewals. The witness was then asked the question: "You may state in what capacity or who he [Fletcher] represented or claimed to represent?" Plaintiff's objection that it was incompetent was overruled, and it excepted. Answer: "He represented the bank,— the People's Bank,—the plaintiff in this action." As the claim was made that Fletcher represented Smith and not the bank in those transactions, it was competent to show that Fletcher, as a part of the transactions, stated or claimed that he represented the bank; but it was not proper to draw out the mere conclusion of the witness that Fletcher did represent the bank. However, as the facts as to the authority of Fletcher and the conversations and transactions between the parties fully appeared by the evidence of a number of witnesses, we are satisfied that, under the circumstances, the answer was not prejudicial, and did not mislead the court. Fletcher was called as a witness on behalf of defend-

ants, and, against the same objection and exception, was asked: "When Mr. Smith applied to you, for whom were you acting, in what capacity? A. I think the court is about as competent to say that as I am. With reference to that particular matter, I don't know that I represented anybody but the bank." The same criticism applies to this question, but not to the same extent to the answer.

These are all the questions raised worthy of consideration, and the order appealed from is affirmed.